STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JASON KELIIKOAIKAIKA KALAOLA, Defendant-Appellant.
No. 29163.
Intermediate Court of Appeals of Hawaii.
May 29, 2009.
On the briefs:
Taryn R. Tomasa Deputy Public Defender for Defendant-Appellant
Anne K. Clarkin Deputy Prosecuting Attorney City and County of Honolulu for Plaintiff-Appellee

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA, and FUJISE, JJ.
Defendant-Appellant Jason Keliikoaikaika Kalaola (Kalaola) appeals from the Judgment filed on April 18, 2008, in the Circuit Court of the First Circuit (circuit court).[1] Plaintiff-Appellee State of Hawai`i (State) charged Kalaola by complaint with one count of failure to disperse, in violation of Hawaii Revised Statutes (HRS) § 711-1102 (1993 & Supp. 2008)[2] Following a jury trial, Kalaola was found guilty as charged. The circuit court sentenced Kalaola to one year of probation, subject to the condition that he serve thirty days in jail. Kalaola was released on bail pending appeal.
On appeal, Kalaola argues that: 1) the circuit court failed to properly instruct the jury regarding the material elements for the charged offense; and 2) the State failed to adduce sufficient evidence to establish each alternative means of committing the offense that was presented to the jury.
For the reasons discussed below, we vacate the circuit court's Judgment and remand the case for a new trial.

I.
This case stemmed from a large public brawl that broke out after midnight at Aloha Tower Marketplace (Marketplace). Police officers dispatched to the Marketplace encountered a chaotic scene of 50 to 75 people engaged in multiple fights on the second floor concourse, with "loud screaming" and "loud profanities."
The State and the defense presented widely divergent versions of Kalaola's role in the events. The State presented evidence that Kalaola was an active participant in the affray, challenging people to fight on both the second and first floors of the Marketplace, and that he was arrested after ignoring repeated commands to leave the area. Kalaola presented evidence that he was a member of a band playing music at a bar at the Marketplace; he remained inside the bar to take care of the band's equipment; he was not in any way involved in the ruckus that took place outside the bar; he did not challenge people to fight or engage in any fighting; and he was arrested while looking for a valet to retrieve his friend's van so they could load the equipment.

II.

A.
Kalaola contends that the circuit court erred in failing to define the term "disorderly conduct" in instructing the jury on the material elements for the failure to disperse offense. We agree.
Kalaola asked the circuit court to instruct the jury regarding the definition of "disorderly conduct" in accordance with the disorderly conduct offense set forth in HRS § 711-1101 (1993 & Supp. 2008).[3] The circuit court denied Kalaola's request to define "disorderly conduct" and instead left it for the jury to decide the meaning of that term according to its common, every day usage. The circuit court stated:
[T]he Court is going to . . . refuse the request by the Defense that the Court define disorderly conduct in some way, or carve out a definition of disorderly conduct.
So we're again relying on the jury's ability to use the terms in the common every day usage of the term and only in the event that we are asked for a definition should the Court  or will the Court respond in order to accomplish that  or satisfy that particular request.[4]
The commentary to hrs § 711-1102 states that the offense of failure to disperse is "an aggravated form of disorderly conduct." Failure to disperse is a full misdemeanor while the disorderly conduct offense is only either a petty misdemeanor or a violation. Because failure to disperse is an aggravated form of disorderly conduct, the term "disorderly conduct" as used in the failure to disperse statute has a specialized meaning that is tied to the disorderly conduct statute. One of the arguments raised by Kalaola in this case was that he was not in the immediate vicinity of, or a participant in, a course of disorderly conduct involving six or more people when he was asked by the police to disperse because there was no aggrieved member of the public, but only the police, around him at that time.
We conclude that the circuit court erred in refusing to instruct the jury on the meaning of the term "disorderly conduct," thereby permitting the jury to apply a common, everyday meaning of that term, rather than the specialized meaning set forth in the disorderly conduct statute.[5] We further conclude that such error was not harmless beyond a reasonable doubt.

B.
Kalaola argues that the circuit court's jury instructions were prejudicially erroneous because they failed to adequately instruct the jury that the "knowingly" state of mind applied to both the attendant circumstances and conduct elements of the offense, and not just the conduct element. Under the circumstances of this case, we agree.
The "knowingly" state of mind applies to both the attendant circumstances and conduct elements of the failure to disperse offense. See HRS § 702-207 (1993). However, in this case: 1) the instruction on the failure to disperse offense described the offense in a way that indicated that the knowingly state of mind only applied to the conduct element; 2) the portion of the instruction listing the material elements did not clearly tie the knowingly state of mind to the attendant circumstances element; 3) the prosecutor's closing argument suggested that the knowingly state of mind only applied to the conduct element; and 4) Kalaola denied that he knowingly was in the immediate vicinity of, or a participant in, a course of disorderly conduct involving six or more people. Accordingly, we conclude that the circuit court's instructions were prejudicially erroneous in failing to adequately instruct the jury that the "knowingly" state of mind applied to all the elements of the offense.

C.
We reject Kalaola's claim that the State failed to adduce sufficient evidence to establish each alternative means of committing the failure to disperse offense that was presented to the jury. The failure to disperse offense may be proved by alternative means, namely, that the defendant knowingly was either one of six or more persons participating in a course of disorderly conduct or in the immediate vicinity thereof, when the defendant knowingly failed to comply with a law enforcement officer's order to disperse. See State v. Jones, 96 Hawai`i 161, 172-77, 29 P.3d 351, 362-67 (2001). When viewed in the light most favorable to the State, there was sufficient evidence to establish each of the alternative means of committing the offense that was presented to the jury.
We reject Kalaola's arguments to the extent they are based on a claim that the State failed to elect and prove which of a series of acts constituted the charged offense. Even assuming arguendo that this case involved a "multiple acts" situation, see State v. Arceo, 84 Hawai`i 1, 30-33, 928 P. 2d 843, 872-75 (1996), the circuit court gave a specific unanimity instruction which obviated the need for an election. Id. Moreover, there was sufficient evidence to prove that Kalaola engaged in conduct constituting the charged offense.

III.
We vacate the April 18, 2008, Judgment of the circuit court, and we remand the case for a new trial and for further proceedings consistent with this summary disposition order.
NOTES
[1] The Honorable Reynaldo D. Graulty presided.
[2] HRS § 711-1102 (1993 & Supp. 2008) provides:

§711-1102 Failure to disperse. (1) When six or more persons are participating in a course of disorderly conduct likely to cause substantial harm or serious inconvenience, annoyance, or alarm, a law enforcement officer may order the participants and others in the immediate vicinity to disperse.
(2) A person commits the offense of failure to disperse if the person knowingly fails to comply with an order made pursuant to subsection (1).
(3) Failure to disperse is a misdemeanor.
[3] HRS § 711-1101 (1993 & Supp. 2003) provides in relevant part:

§711-1101 Disorderly conduct. (1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:
(a) Engages in fighting or threatening, or in violent or tumultuous behavior; or
(b) Makes unreasonable noise; or
(c) Subjects another person to offensively coarse behavior or abusive language which is likely to provoke a violent response; or
(d) Creates a hazardous or physically offensive condition by any act which is not performed under any authorized license or permit; or
(e) Impedes or obstructs, for the purpose of begging or soliciting alms, any person in any public place or in any place open to the public.
(2) Noise is unreasonable, within the meaning of subsection (1)(b), if considering the nature and purpose of the person's conduct and the circumstances known to the person, including the nature of the location and the time of the day or night, the person's conduct involves a gross deviation from the standard of conduct that a law-abiding citizen would follow in the same situation; or the failure to heed the admonition of a police officer that the noise is unreasonable and should be stopped or reduced.
. . . .
(3) Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.
[4] The circuit court also noted that the intent requirements for the disorderly conduct and failure to disperse offenses were different, and that the attempt to "marry" the two offenses would "cause the State to have to meet a further element of proof that is not part of the charge of failure to disperse."
[5] Since failure to disperse is an aggravated form of disorderly conduct, we conclude that the trial court's instruction on the meaning of "disorderly conduct" should be based on the petty misdemeanor version, rather than the violation version, of the disorderly conduct offense.